| **Noka v Gashi** |
|:---:|
| 2024 NY Slip Op 33432(U) |
| September 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152858/2020 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. DEBRA A. JAMES__                PART   59

*Justice*

------------------------------------------------------------------------X

BLEDAR NOKA,

                                 Plaintiff,

                      - v -

SKENDER GASHI, ASTRIT BRAHAJ, and AGRON SHYTI,
ANGELETTO 2ND AVE INC.,

                              Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152858/2020 |
| MOTION DATE | 10/27/2020 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 23, 24, 25, 26, 27, 28, 29, 30, 31, 36, 37

were read on this motion to/for               __JUDGMENT - SUMMARY__    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 15, 16, 17, 18, 19, 20, 21, 22, 32, 33, 34

were read on this motion to/for         __SUMMARY JUDGMENT (AFTER JOINDER)__  .

<u>ORDER</u>

Upon the foregoing documents, it is

ORDERED that the motion of the plaintiff Bledar Noka for summary judgment on his complaint, is granted to the extent of partial summary judgment as to liability only; and it is further

ORDERED that the issues of the amount owed to plaintiff and from which defendant(s) same is owed must be determined by a fact finder at trial; and it is further

ORDERED that the motion of the defendant Skender Gashi for summary judgment dismissing the cross-claims against him is denied; and it is further

**152858/2020   NOKA, BLEDAR vs. GASHI, SKENDER**
Motion No.  001 002

**Page 1 of 5**

ORDERED that counsel are directed to post on NYSCEF a proposed preliminary discovery conference order or competing proposed preliminary discovery conference order(s) at least two days before October 30, 2024, on which date counsel shall appear via Microsoft Teams, unless such appearance (after joint request transmitted to IAS Part 59 Clerk SFC-PART59-Clerk@nycourts.gov) be waived by the court.

## DECISION

In this action for breach of contract, plaintiff Bledar Noka ("Noka") sues defendants Skender Gashi (Gashi), Astrit Brahaj ("Brahaj"), Agron Shyti ("Shyti", collectively, the "Shareholders"), and Angeletto 2nd Ave Inc. ("Angeletto") to enforce the terms of an agreement dated May 14, 2019, wherein the Shareholders acquired Noka's 25% equity interest in Angeletto for a purchase price of $150,000 ("Agreement"). (Agreement, NYSCEF Doc. No. 003, First Paragraph.)

Noka alleges that the final payment of $50,000, which was due on December 31, 2019, remains outstanding.

Noka establishes through contemporaneous emails that the Shareholders were aware that the $50,000 was outstanding and owed to Noka, and that it was not paid because Gashi allegedly unilaterally withdrew the funds from Angeletto's bank account. (E-mail message dated February 21, 2020, from plaintiff's counsel to defendant Gashi's counsel, NYSCEF Doc. No. 034.)

**152858/2020   NOKA, BLEDAR vs. GASHI, SKENDER**                      **Page 2 of 5**
**Motion No.  001 002**

2 of 5

However, the bank records do raise a triable issue as to the amount of damages, to wit, whether Noka received $16,714.29 from Gashi, as Noka is listed as the payee on the cashier's checks for such amount, withdrawn by Gashi. NYSCEF Doc. No. 025.

Gashi submits an affidavit (NYSCEF Doc. No. 37, ¶ 4), stating that Noka did not receive any of the funds, and that pursuant to an "Agreement Among Shareholders" dated March 16, 2020 ("Shareholders' Agreement"), the individual defendants agreed that Gashi could withdraw the funds to recoup his capital investment, but that Angeletto "still owes []Noka the sum of $50,000, as part of . . .Noka's buyout." Shareholders' Agreement, NYSCEF Doc. No. 21, ¶ 1H. The copies of the bank account withdrawal slips evidence that between December 31, 2019 and January 3, 2020, defendant Gashi withdrew a total of $66,314.29 from the Angeletto business account. However, there is an issue of fact as to whether Noka ever received the proceeds of the $16,714.29 cashier's check, as the other defendant argue that Gashi's affidavit does not explain how he would have been able to deposit such cashier's check with Noka, as the payee, in his own account. Gashi himself attests, under oath, that he kept "$50,000" as partial repayment of his capital contribution, which representation does not account for the cashier's check in the amount of $16,714.29, made payable to Noka, in excess of $50,000 that he withdrew from the business checking

**152858/2020   NOKA, BLEDAR vs. GASHI, SKENDER**                                    **Page 3 of 5**
**Motion No.  001 002**

3 of 5

[* 3]

account, which cashier check he states in his reply affidavit "Noka never received and/or cashed".  NYSCEF Doc. No. 37.

Finally, this court shall deny the motion for summary judgment of Gashi, wherein he seeks dismissal of the cross-claims asserted against him by Brahaj, Shyti, and Angeletto. First, there is an issue of fact whether defendant Gashi affixed his signature and delivered the fully executed Shareholders' Agreement, containing the indemnification clause, before or after Noka filed his summons and complaint on March 20, 2020.  Defendant Gashi purports to have affixed his signature to such Agreement on March 16, 2020, but, by contemporaneous e-mail, counsel for the other defendants asserts that defendant backdated same and never delivered the fully executed copy until June 2022.  If such delivery took place before the filing of the herein lawsuit, then the other defendants had not yet withdrawn their offer.  See Kass v Grais, 66 AD3d 587 (1st Dept 2009).  With respect to Gashi's right to be indemnified by the other defendants, assuming  such Shareholders' Agreement was

**152858/2020   NOKA, BLEDAR vs. GASHI, SKENDER**
**Motion No.  001 002**

**Page 4 of 5**

4 of 5

in effect, there is an issue of fact whether any part of the debt owed to Noka arises from the "actions taken by Gashi", to wit, Gashi's alleged retention of an amount in excess of the $50,000, the latter amount to which he claims he was entitled under the Shareholders' Agreement.

_Debra A. James_

20240930173043DJAMESEA6808086FAB41C4970B7E9CBC01FD9C

| **9/30/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **DEBRA A. JAMES, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152858/2020   NOKA, BLEDAR vs. GASHI, SKENDER**
**Motion No.  001 002**

Page 5 of 5